[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: DIVISION OF ASSETS
CT Page 11055
A decree of dissolution was entered by this court on March 29, 2000.
The plaintiff was awarded a lump sum property settlement in the amount of $3,460,000, less a credit of $229,900 (two hundred twenty-nine thousand, nine hundred dollars), leaving a lump sum property settlement due the plaintiff in the amount of $3,230,100 (three million, two hundred thirty thousand, one hundred dollars)
The parties were given 30 days to agree on how and from which accounts the assets were to be transferred.
The parties were unable to agree and returned to court at which time each party presented a proposal and thereafter written proposals were filed with the court by the parties.
At best as it can, the court has valued the assets of the parties as of the date of the dissolution referring to the parties' financial affidavits and. the written claims for relief which were filed at the time of the dissolution.
In connection with any transfer of assets, any increases in value which occurred after the date of dissolution shall inure to the benefit of the plaintiff. Any decrease in value shall be to the detriment of the plaintiff. The plaintiff shall be entitled to any stock splits and any dividends reinvestments. The defendant shall be responsible for any margin accounts and any interest payments.
The plaintiff is awarded the following assets using the values counsel gave the court at the time of the dissolution:
 Asset/Accounts Valued as of Date of Dissolution
1. The entire Prime Charter $2,271,842.00 Account
2. The entire Schneider $ 220,061.00 Securities Account
3. The entire Internet Fund $ 104,728.00
4. The entire Fleet Money $ 10,370.00 Market Account CT Page 11056
5. The entire Hambrecht and $ 93,000.00
Quist Account
Total: $2,705,001.00
The balance due the plaintiff, $3,230,100, less the above $2,705,601 is $524,399. The plaintiff shall receive this balance of $524,399 in shares of Intel Corporate stock, using the stock value as of the date of dissolution. In other words, the plaintiff shall receive $524,399 worth of Intel shares of stock, using the price per share as of the close of business on March 29, 2000. The plaintiff shall receive cash in lieu of any fractional share of stock.
Counsel for the defendant indicates that the various quarterly statements from the brokerage accounts are dated March 31, 2000. If it is more convement and would facilitate the transfer, the date of March 31 could be used instead of March 29, 2000.
The court has rethought the aware of 10% interest as the court indicated it would do so at the time of the hearing on the issue of the asset division.
This court is unaware of whether the assets have increased or decreased in value and/or whether there have been stock splits or reinvested dividends which would have inured to the benefit of the plaintiff had she had her assets four and one-half months ago (April 29 — 30 days after March 29)
If, on the overall picture, the assets awarded to the plaintiff have increased in value, then she has suffered no loss. On the other hand, if during the four and one-half months when the plaintiff did not have the use and control of her property settlement, and her portfolio substantially decreased in value, then there might be some merit to the plaintiff's claim for interest. It would appear that the parties were negotiating the asset division at least through June 2000. The parties appeared in court on July 24, 2000 and again on August 7, 2000. Both parties filed their claims for relief on August 28, 2000.
Perhaps the court was naive in giving the parties only 30 days to work out a transfer of such a substantial asset. In hindsight, perhaps 90 days would have been more appropriate.
The court vacates its order of August 7, 2000 relating to the award of interest, without prejudice.
If, after the assets have been transferred, the plaintiff can show a CT Page 11057 substantial loss, then she can request a further hearing with respect to the award of interest.
No attorneys fees are awarded to either party.
Asset division shall be done within 14 days of date.
 The Court Coppeto, J.